*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DONALD RAY BILLINGSLEY,

        Defendant-Appellant.

UNPUBLISHED
January 17, 2019

No. 340310
Berrien Circuit Court
LC No. 2016-015769-FC

Before: MARKEY, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Defendant, Donald Billingsley, appeals by right his convictions for four counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(2)(b); two counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a); one count of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(a); one count of fourth-degree criminal sexual conduct (CSC-IV), MCL 750.520e(1)(a); and one count of distributing sexually explicit matter to a child, MCL 722.675. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

This case involves sexual assaults against three different children that each lived in Billingsley's home at the time of the assaults. The record reflects that on multiple occasions, Billingsley engaged in sexual penetration and sexual contact with each of the three children. He also supplied pornographic materials. After the abuse was disclosed, Billingsley was questioned by law enforcement and he made inculpatory statements. At trial, he denied abusing the children and claimed that they had made up the allegations for various reasons. The jury convicted Billingsley of four counts of CSC-I, two counts of CSC-II, one count of CSC-III, one count of CSC-IV, and one count of distributing obscene matter to a child. This appeal follows.

## II. RIGHT TO COUNSEL

### A. STANDARD OF REVIEW

Billingsley argues that his inculpatory custodial statement was taken in violation of his constitutional right to a lawyer and, accordingly, it was improperly admitted at trial. We review this unpreserved claim for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Under the plain error rule, a defendant must establish that error occurred, the error was clear and obvious, and that it affected his substantial rights. *Id*.

## B. ANALYSIS

A defendant has a constitutional right to a lawyer during a custodial interrogation. *People v Tierney*, 266 Mich App 687, 710; 703 NW2d 204 (2005). "When a defendant invokes his right to counsel, the police must terminate their interrogation immediately and may not resume questioning until such counsel arrives." *Id*. at 710-711. However, the request must be unequivocal. *Id*. at 711. The analysis into whether a request for a lawyer was unequivocal is an objective one. *Davis v United States*, 512 US 452, 458-459; 114 S Ct 2350; 129 L Ed 2d 362 (1994). If a suspect makes a statement regarding a lawyer that is ambiguous or equivocal, the police do not have to stop the interrogation. *Id*. at 459.

In *Davis*, the United States Supreme Court held that the statement, "Maybe I should talk to a lawyer," was ambiguous and, therefore, not sufficient to invoke the defendant's right to counsel. *Id*. at 462. In *Tierney*, this Court concluded that the statement "Maybe I should talk to an attorney," and "I might want to talk to an attorney" were nearly identical to the statement made in *Davis* and this Court held that they were equivocal. *Tierney*, 266 Mich App at 711. Similarly, this Court also has concluded the statement, "I'm ah need that cause I can't afford none" as being a future desire for a lawyer instead of a present, unequivocal request for an attorney. *People v Granderson*, 212 Mich App 673, 676-677; 538 NW2d 471 (1995).

Similarly, the language at issue in the present case, "I'm wonderin' do I need a lawyer right now . . .," is also ambiguous or equivocal. Even though there are no words of condition, such as "might" or "maybe," the use of the word "wonderin'" introduces an ambiguous quality. An ambiguous statement is one that is "capable of being understood in two or more possible senses or ways." *Merriam-Webster's Collegiate Dictionary* (11th ed). Likewise, an equivocal statement is one that is "subject to two or more interpretations." *Id*.

Here, Billingsley's statement could reasonably be interpreted as meaning that he was merely wondering or contemplating whether he needed a lawyer or he was considering talking to a lawyer; it could also mean that Billingsley was actually requesting to see a lawyer. Given that it is "subject to two or more interpretations," we conclude that it is an equivocal statement. See *id*. Therefore, an objective analysis of Billingsley's statement demonstrates that it was ambiguous and equivocal. As a result, the police were under no obligation to cease questioning, and Billingsley's subsequent inculpatory statements were not illegally obtained. There is no plain error affecting Billingsley's substantial rights.

Alternatively, Billingsley contends that his trial lawyer provided ineffective assistance by failing to move to suppress his inculpatory statements. Because Billingsley's statements were not admitted at trial in violation of his constitutional rights, any motion to suppress would have been futile, so his lawyer was not ineffective for failing to move to suppress the statements. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) ("Failing to advance a

meritless argument or raise a futile objection does not constitute ineffective assistance of counsel.").

Affirmed.

/s/ Jane E. Markey
/s/ Michael J. Kelly
/s/ Brock A. Swartzle